UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>R. EHLERS,<br><br>        Defendant. | Case No. 2:21-cv-00146-JAM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 9 |

On March 15, 2021, plaintiff was ordered to show cause why, in spite of his "three-striker" status, he should be allowed to proceed *in forma pauperis*. ECF No. 8. In response to that order, plaintiff has filed a motion styled as a request for appointment of counsel, to grant his application to proceed *in forma pauperis*, and to withdraw his three-striker designation. ECF No. 9. The majority of plaintiff's motion is written in Spanish. *See* ECF No. 9. However, in the small portion that is written in English, plaintiff requests that he be appointed counsel.[1]

---

[1] District courts generally do not accept filings written in languages other than English. Accordingly, the court declines to address any arguments articulated in Spanish. *See United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."); *Ruiz v. Mobert*, No. 1:17-cv-00709-BAM (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017) ("As Plaintiff has been previously informed, the Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish into English.").

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff contends that he should be appointed counsel because he primarily speaks Spanish and is unable to understand the court's rules and legal terminology. ECF No. 9 at 1. As plaintiff has been informed in other actions that he has filed in this district, his difficulty understanding English does not constitute an exceptional circumstance warranting appointment of counsel. *See Ruiz v. Woodfill*, No. 2:19-cv-2118-MCE-KJM-P, 2021 WL 1060141, *2 (E.D. Cal. Mar. 18, 2021); *Ruiz v. Arakaki*, No. 1:17-cv-1404-AWI-SAB (E.D. Cal.), Oct. 20, 2017 Order (ECF No. 24 at 2) (observing that the "use of jailhouse lawyers is one recognized avenue available to ensure that non-English speaking and/or illiterate inmates have meaningful access to the courts"). Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

For these reasons, plaintiff's motion for appointment of counsel will be denied. Plaintiff, however, will be granted an extension of time to respond to the court's order directing him to show cause why he should be allowed to proceed *in forma pauperis*. Plaintiff is reminded that his response must be written in English.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 9, is denied.

2. Plaintiff is granted twenty-one days from the date of this order in which to show cause why, in spite of his "three-striker" status, he should be allowed to proceed *in forma pauperis*.

3. Plaintiff's failure to respond to this order will result in a recommendation that this

action be dismissed.

IT IS SO ORDERED.

Dated: May 4, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE